AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> **v.** <br> Nicole Jennings | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:  09 Cr. 711 <br><br> USM Number: 61937-054 <br><br> Stanislao German <br> Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s) ____ 1 of the Superseding Information

☐ pleaded nolo contendere to count(s) ____
which was accepted by the court.

☐ was found guilty on count(s) ____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2314 | Interstate transportation of stolen property | 9/30/2008 | 1 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☑ Count(s) ____ 1 of the prior Information ____ ☑ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/19/2011
Date of Imposition of Judgment

Signature of Judge

Hon. Richard J. Sullivan          U.S.D.J.
Name of Judge                     Title of Judge

10/19/2011
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 10/20/11

AO 245B   (Rev. 09/08) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:  Nicole Jennings
CASE NUMBER:  09 Cr. 711

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

24 months, with credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to FCI Danbury so that the defendant's family members, particularly her children, may visit her.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Nicole Jennings
CASE NUMBER: 09 Cr. 711

Judgment—Page __3__ of __6__

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT: Nicole Jennings
CASE NUMBER: 09 Cr. 711

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

4. The defendant shall be supervised in the district of her residence.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Nicole Jennings
CASE NUMBER: 09 Cr. 711

Judgment — Page **5** of **6**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 330,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| See Order of Restitution and Schedule of Victims. | $330,000.00 | $330,000.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 330,000.00 | $ 330,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☑ the interest requirement for the   ☐ fine   ☑ restitution is modified as follows: Interest shall not accrue until the defendant has been released.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:  Nicole Jennings
CASE NUMBER:  09 Cr. 711

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $   100.00   due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay the $330,000 in restitution in monthly installments of 15% of gross monthly income over a period of supervision to commence within 30 days after the defendant's release from custody.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    $330,000.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        -v.-                      :        ORDER OF RESTITUTION

NICOLE JENNINGS,                  :        S1 09 Cr. 711 (RJS)

            Defendant.            :

- - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED: _10/20/11_           │
└─────────────────────────────────┘
```

        Upon the application of the United States of America,
by its attorney, Preet Bharara, United States Attorney for the
Southern District of New York, Justin Anderson, Assistant United
States Attorney, of counsel; the presentence report; the
Defendant's conviction on Count One of the above Superseding
Information; and all other proceedings in this case, it is hereby
ORDERED that:

        1. **Amount of Restitution.**  NICOLE JENNINGS, the
Defendant, shall pay restitution in the total amount of $330,000
to the victim of the offense charged in Count One.  The name,
address, and specific amount owed to the victim are set forth in
the Schedule of Victims attached hereto.  Upon advice of a change
of address, the Clerk of the Court is authorized to send payments
to the new address without further order of this Court.

        2. **Sealing.** Consistent with 18 U.S.C. §§3771(a)(8) &
3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to
protect the privacy interests of victims, the Schedule of Victims
attached hereto shall be filed under seal, except that copies may

be retained and used or disclosed by the Government, the Clerk's
Office, and the Probation Department, as need be to effect and
enforce this Order, without further order of this Court.

Dated:     New York, New York
           October 19, 2011


                              _____
                              HONORABLE RICHARD J. SULLIVAN
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA

                            :

        -v.-                 :

NICOLE JENNINGS,

                            :

        Defendant.

                            :

- - - - - - - - - - - - - - - - - x

CONSENT ORDER
OF FORFEITURE

S1 09 Cr. 711 (RJS)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/20/11_

      WHEREAS, on or about June 13, 2011, NICOLE JENNINGS (the "defendant"), was charged in a one-count Superseding Information, S1 09 Cr. 711 (RJS) (the "Information"), with unlawfully, willfully, and knowingly facilitating the interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314 and 2 (Count One)

      WHEREAS, the Information included a forfeiture allegation, seeking forfeiture to the United States, pursuant pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, constituting or derived from proceeds traceable to the offense, including but not limited to at least $330,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense charged in Count One of the Superseding Information;

      WHEREAS, on or about June 13, 2011, the defendant plead guilty to Count One of the Information pursuant to a plea agreement with the Government, where in the defendant consented to the forfeiture allegation for Count One in the Information and agreed

to forfeit to the United States a sum of money equal to $330,000.00 in United States currency, representing the amount of proceeds from the offense ("Money Judgment");

WHEREAS, on or about ~~September~~ October 19, 2011, the defendant was sentenced, and ordered to forfeit a sum of $330,000.00 in United States currency, representing the amount of proceeds from the offense;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Justin Anderson, of counsel, and the defendant, and her counsel, Stanislao A. German, Esq. that:

1.   As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $330,000.00 in United States currency shall be entered against the defendant.

2.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Order of Forfeiture is final as to the defendant, NICOLE JENNINGS, upon entry of this order, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.   Upon execution of this Consent Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money

2

Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

5.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

6.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 (e) of the Federal Rule of Criminal Procedure.

7.    The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Kan M. Nawaday of the Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

3

8.   The signature pages of this order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          9/11/2011
     JUSTIN ANDERSON                  DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212)637-1035


By: _____          10/19/11
     NICOLE JENNINGS                  DATE
     Defendant


By: _____          10/17/2011
     STANISLAO A. GERMAN, ESQ.        DATE
     Attorney for Defendant
     122 East 42nd Street, Suite 2710
     New York, NY 10168
     (212) 986-6776


SO ORDERED:

_____               10/19/11
HONORABLE RICHARD J. SULLIVAN         DATE
UNITED STATES DISTRICT JUDGE

4